# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE:                                                                              Case No.6:25-bk-02758-GER

ROBERTO E. HERNANDEZ,                                            Chapter 13

        Debtor.
_____/

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1'S OBJECTION TO <u>CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN</u>**

      U.S. Bank National Association, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 ("Secured Creditor"), by and through undersigned counsel, files this *Objection to Confirmation of Debtor's Chapter 13 Plan*, and in support thereof states as follows:

    1.    On May 8, 2025, Roberto E. Hernandez ("Debtor") commenced this bankruptcy case by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code [D.E. #1].

    2.    Secured Creditor holds a security interest in Debtor's real property located at 2102 Meadowmouse Street, Orlando, Florida 32837 (the "Property"), by virtue of a Mortgage which is recorded in Official Records Book 09068, at Page 4210, of the Public Records of Orange County, Florida. The Mortgage secures a Note in the amount of $304,000.00.

    3.    Secured Creditor intends to file a Proof of claim in this case, in the approximate principal balance amount of $582,965.90 with arrears in the amount of $349,082.33.

4. According to the *Chapter 13 Plan* [D.E. #15] (the "Plan"), Debtor proposes to retain the Property but disputes the validity of the Claim.

5. The Plan fails to provide for Secured Creditor's prepetition arrearages and fails to accurately state the correct total secured claim amount. Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §1322(b)(3) and 11 U.S.C. §1325(a)(5) and cannot be confirmed.

6. The regular monthly payment which is due on the subject Mortgage is $2,999.40, not $1,085.00 as indicated in the Plan.

7. Accordingly, Secured Creditor objects to the Plan and to any plan which proposes to pay anything less than the anticipated pre-petition arrearage over the life of the plan.

8. Moreover, based on the Schedules filed by Debtor, the Plan is unfeasible as it is appears Debtor does not have the present ability to make the necessary payments in order to conform the plan to Secured Creditor's Proof of Claim. Secured Creditor objects to Debtor's proposed Plan as it is not in compliance with the feasibility requirements of 11 U.S.C. §1325(a)(6). Secured Creditor's Claim should be paid in equal monthly amounts as required by 11 U.S.C. §1325(a)(5)(B)(iii)(I).

9. Due to the payment increase which will be necessary in order to conform the plan to Secured Creditor's Proof of Claim, it is unlikely that a feasible plan can be proposed. It does not appear that Debtor has sufficient disposable income to provide for the Claim or cure the default on the mortgage within the jurisdictional limits of Chapter 13. Thus the provisions of 11 U.S.C. §1325(a)(6) cannot be met and the plan cannot be confirmed.

10. Secured Creditor's security interest in the Property will be significantly jeopardized by Debtor's failure to make regular payments under the subject loan documents while Secured Creditor would be prohibited from pursuing lawful remedies to protect such security interest if the Debtor's Plan is confirmed.

11. The Bankruptcy Code was intended to afford financially troubled debtors a breathing spell from their creditors, but it was not Congress' intent to allow debtors to enjoy their

property while failing to pay their mortgages for extended periods of time. In re Three Tuns, Inc., 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983).

12. Pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(I), Secured Creditor is entitled to period payments in equal amounts.

13. Secured Creditor hereby reserves the right to supplement this Objection at or prior to the hearing.

**WHEREFORE,** Secured Creditor respectfully requests the entry of an Order which denies confirmation of the Plan unless such plan is amended to overcome the objections of Secured Creditor as stated herein.

Respectfully Submitted:

*/s/ Jennifer Laufgas*
Jennifer Laufgas
Bar No.: 56181
Attorney for Secured Creditor
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: jlaufgas@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused a true and correct copy of the foregoing Objection to Confirmation of Chapter 13 Plan to be served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR**

Roberto E. Hernandez
2102 Meadowmouse St.
Orlando, FL 32837

**TRUSTEE**
**(via electronic notice)**

Laurie K Weatherford
ecfdailysummary@c13orl.com

**UNITED STATES TRUSTEE**
**(via electronic notice)**

Department of Justice
USTP.Region21.OR.ECF@usdoj.gov

Dated: June 30, 2025

/s/ Jennifer Laufgas
Jennifer Laufgas
Bar No.: 56181
Attorney for Secured Creditor
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: jlaufgas@aldridgepite.com