UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
JUL 24 2025
Clerk, U.S. Bankruptcy,
Orlando Division

In re:

ROBERTO HERNANDEZ
   Debtor.

Case No. 6:25-bk-02758
Chapter 13

_____/

# MOTION TO STRIKE OR DISALLOW SECURED CLAIM OF NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, AND TO DETERMINE SECURED STATUS PURSUANT TO 11 U.S.C. § 506.

COMES NOW the Debtor, Roberto Hernandez, pro se, and respectfully moves this Honorable Court to strike or disallow the Proof of Claim No. 3-1 filed by **U. S. Bank N. A. as Trustee, Nationstar Mortgage LLC**, d/b/a Mr. Cooper ("Creditor"), and in support states as follows:

1. Creditor has filed a Proof of Claim asserting a secured claim based on a mortgage and promissory note allegedly owned and enforceable by U.S. Bank National Association, as Trustee, with Nationstar Mortgage LLC, d/b/a Mr. Cooper acting as attorney-in-fact.

2. The subject mortgage loan was originated by First Franklin Financial Corporation, on January 03, 2007, and purportedly securitized into a trust governed by a Pooling and Servicing Agreement (PSA). However, records and securitization data indicate that this loan was never actually deposited into the trust. According to the PSA, the cut-off date for inclusion of mortgage loans into the trust was March 1, 2007. Because this loan was not transferred into the trust by that date, under both federal law and New York State trust law (EPTL § 7-2.4), the loan was never legally part of the trust. As a result, any subsequent assignments, transfers, or

representations of authority in the chain of title are invalid and void. The PSA governing the trust specifies that the Cut-off Date for inclusion of loans was March 1, 2007. **(See PSA at Page 161)**. New York law governs the PSA. **(PSA at Page 155)**. "See Friedle v. Bank of New York Mellon, 2017 WL 4280592 (Fla. Dist. Ct. App. Sept. 27, 2017)". "See *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016) "See *Glaski v. Bank of America*, 218 Cal.App.4th 1079 (2013)" *"See Erobobo*, 39 Misc. 3d 1220(A) (N.Y. Sup. Ct. 2013)"

**See Exhibit A-PSA link:**

https://www.sec.gov/Archives/edgar/data/809940/000095012307005319/x318488kexv4w1.txt

3. Public records reflect that the **assignment of mortgage** was executed on December 09, 2008, the document purports to be effective retroactively as January 08, 2007. However, retroactive assignments of mortgage and note are not legally effective to establish standing in foreclosure proceedings as of the claim and recorded after the cut-off date specified, March 01, 2007, in the Pooling and Servicing Agreement (PSA), rendering said assignment void under New York Estates, Powers & Trusts Law § 7-2.4.  **See Exhibit B**

4. The failure to comply with the PSA terms and New York trust law constitutes a fatal defect in the transfer chain, thereby invalidating any claim of ownership or authority over the debt by the named Creditor or Trustee.

5. Additionally, if the loan was never transferred into the trust post-cut-off date, this constitutes a violation of REMIC regulations under 26 U.S.C. §§ 860D and 860G, which may result in tax consequences to the trust and invalidate its REMIC status.

6. Pursuant to Fed. R. Bankr. P. 3001 and 3007, the claim lacks sufficient documentation to establish standing or authority to enforce the note and mortgage.

7. Debtor requests the Court to determine, pursuant to 11 U.S.C. § 506(a), that the alleged secured claim is invalid, void, or null.

WHEREFORE, Debtor respectfully requests this Court to:

(a) Strike or disallow the Proof of Claim filed by Nationstar Mortgage LLC; d/b/a Mr. Cooper.

(b) Determine that the Creditor lacks standing to enforce the alleged secured claim;

(c) Reclassify the claim as unsecured, if not disallowed entirely;

(d) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Roberto Hernández
Pro Se Debtor
Phone: (321) 231-6610
Email: Robert2792@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served this _24_ July 2025 by electronic mail to:

Jennifer Laufgas
Attorney for U. S. Bank N. A.
Nation Star Mortgage LLC
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N. E., Suite 700
Atlanta, GA 30305
Email: jlaufgas@aldridgepite.com

Nationstar Mortgage LLC d/b/a Mr. Cooper
Bankruptcy Legal Department
P.O. Box 619096
Dallas, TX 75261-974
Email: researchincoming@mrcooper.com

Laurie K. Weatherford, Chapter 13 Trustee
P.O. Box 3450
Winter Park, FL 3279
Email: info@c13orl.com

Office of the United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: USTP.Region21@usdoj.gov

Respectfully submitted,

_____
Roberto Hernandez
Pro Se Debtor
Phone: (321) 231-6610
Email: Robert2792@gmail.com

# EXHIBIT-A

https://www.sec.gov/Archives/edgar/data/809940/000095012307005319/x318488kexv4w1.txt

```
<DOCUMENT>
<TYPE>EX-4.1
<SEQUENCE>2
<FILENAME>x318488kexv4w1.txt
<DESCRIPTION>POOLING AND SERVICING AGREEMENT
<TEXT>
<PAGE>
```

EXHIBIT 4.1

EXECUTION

COPY

MERRILL LYNCH MORTGAGE INVESTORS, INC.,
Depositor

HOME LOAN SERVICES, INC.,
Servicer

and

LASALLE BANK NATIONAL ASSOCIATION,
Trustee

----------

POOLING AND SERVICING AGREEMENT
Dated as of March 1, 2007

----------

MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST,
MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-1

`<PAGE>`

TABLE OF CONTENTS

`<TABLE>`
`<CAPTION>`

|  | PAGE |
|---|---|
| ARTICLE I DEFINITIONS...................................................... | 13 |
| ARTICLE II CONVEYANCE OF MORTGAGE LOANS; REPRESENTATIONS AND WARRANTIES.. | 66 |
| SECTION 2.01. Conveyance of Mortgage Loans.............................. | 66 |
| SECTION 2.02. Acceptance by the Trustee of the Mortgage Loans........... | 68 |
| SECTION 2.03. Representations, Warranties and Covenants of the Depositor........................................................ | 70 |
| SECTION 2.04. Representations and Warranties of the Servicer........... | 73 |
| SECTION 2.05. Substitutions and Repurchases of Mortgage Loans that are not "Qualified Mortgages"................................. | 75 |
| SECTION 2.06. Authentication and Delivery of Certificates.............. | 75 |
| SECTION 2.07. REMIC Elections.......................................... | 75 |
| SECTION 2.08. [RESERVED].............................................. | 80 |
| SECTION 2.09. Covenants of the Servicer............................... | 81 |
| SECTION 2.10. [RESERVED].............................................. | 81 |
| SECTION 2.11. Permitted Activities of the Issuing Entity.............. | 81 |
| SECTION 2.12. Qualifying Special Purpose Entity....................... | 81 |
| SECTION 2.13  Depositor Notification of NIM Notes..................... | 81 |

```
ARTICLE III ADMINISTRATION AND SERVICING OF MORTGAGE LOANS...............     82
    SECTION 3.01.  Servicer to Service Mortgage Loans......................     82
    SECTION 3.02.  Servicing and Subservicing; Enforcement of the
                     Obligations of Servicer................................    83
    SECTION 3.03.  Rights of the Depositor and the Trustee in Respect of
                     the Servicer...........................................    84
    SECTION 3.04.  Trustee to Act as Servicer...............................    84
    SECTION 3.05.  Collection of Mortgage Loan Payments; Collection
                     Account; Certificate Account...........................    85
    SECTION 3.06.  Collection of Taxes, Assessments and Similar Items;
                     Escrow Accounts........................................    89
    SECTION 3.07.  Access to Certain Documentation and Information
                     Regarding the Mortgage Loans...........................    89
    SECTION 3.08.  Permitted Withdrawals from the Collection Account and
                     Certificate Account....................................    89
    SECTION 3.09.  [RESERVED]................................................   92
    SECTION 3.10.  Maintenance of Hazard Insurance...........................   92
    SECTION 3.11.  Enforcement of Due-On-Sale Clauses; Assumption
                     Agreements.............................................    93
</TABLE>
```

-i-

<PAGE>

TABLE OF CONTENTS
(Continued)

```
<TABLE>
<CAPTION>
                                                                              PAGE
                                                                              ----
<S>                                                                           <C>
    SECTION 3.12.  Realization Upon Defaulted Mortgage Loans;
                     Determination of Excess Proceeds; Special Loss
                     Mitigation............................................     93
    SECTION 3.13.  Trustee to Cooperate; Release of Mortgage Files.........     97
    SECTION 3.14.  Documents, Records and Funds in Possession of Servicer
                     to be Held for the Trustee............................     99
    SECTION 3.15.  Servicing Compensation..................................     99
    SECTION 3.16.  Access to Certain Documentation.........................     99
    SECTION 3.17.  Annual Statement as to Compliance.......................    100
    SECTION 3.18.  Annual Independent Public Accountants' Servicing
                     Statement; Financial Statements.......................    100
    SECTION 3.19.  Subordination of Liens..................................    103
    SECTION 3.20.  Periodic Filings........................................    103
    SECTION 3.21.  Indemnification by Trustee..............................    107
    SECTION 3.22.  Indemnification by Servicer.............................    107
    SECTION 3.23.  Prepayment Charge Reporting Requirements................    107
    SECTION 3.24.  Information to the Trustee..............................    108
    SECTION 3.25.  Indemnification.........................................    108
    SECTION 3.26.  Solicitation............................................    109
    SECTION 3.27.  High Cost Mortgage Loans................................    109

ARTICLE IV DISTRIBUTIONS...................................................    109
    SECTION 4.01.  Advances................................................    109
    SECTION 4.02.  Reduction of Servicing Compensation in Connection with
                     Prepayment Interest Shortfalls........................    110
    SECTION 4.03.  Distributions on the REMIC Interests....................    111
    SECTION 4.04.  Distributions...........................................    111
    SECTION 4.05.  Monthly Statements to Certificateholders................    122

ARTICLE V THE CERTIFICATES.................................................    126
    SECTION 5.01.  The Certificates........................................    126
```

```
SECTION 5.02.  Certificate Register; Registration of Transfer and
               Exchange of Certificates............................  127
SECTION 5.03.  Mutilated, Destroyed, Lost or Stolen Certificates...  132
SECTION 5.04.  Persons Deemed Owners...............................  132
SECTION 5.05.  Access to List of Certificateholders' Names and
               Addresses...........................................  132
SECTION 5.06.  Book-Entry Certificates.............................  132
</TABLE>
```

-ii-

<PAGE>

TABLE OF CONTENTS
(Continued)

```
<TABLE>
<CAPTION>
                                                                     PAGE
                                                                     ----
<S>                                                                  <C>
SECTION 5.07.  Notices to Depository...............................  133
SECTION 5.08.  Definitive Certificates.............................  133
SECTION 5.09.  Maintenance of Office or Agency.....................  134
SECTION 5.10.  Authenticating Agents...............................  134

ARTICLE VI THE DEPOSITOR AND THE SERVICER..........................  135
SECTION 6.01.  Respective Liabilities of the Depositor and the
               Servicer............................................  135
SECTION 6.02.  Merger or Consolidation of the Depositor or the
               Servicer............................................  135
SECTION 6.03.  Limitation on Liability of the Depositor, the Servicer
               and Others..........................................  136
SECTION 6.04.  Limitation on Resignation of Servicer...............  136
SECTION 6.05.  Errors and Omissions Insurance; Fidelity Bonds......  137

ARTICLE VII DEFAULT; TERMINATION OF SERVICER.......................  137
SECTION 7.01.  Events of Default...................................  137
SECTION 7.02.  Trustee to Act; Appointment of Successor............  139
SECTION 7.03.  Notification to Certificateholders..................  140

ARTICLE VIII CONCERNING THE TRUSTEE................................  140
SECTION 8.01.  Duties of the Trustee...............................  140
SECTION 8.02.  Certain Matters Affecting the Trustee...............  141
SECTION 8.03.  Trustee Not Liable for Certificates or Mortgage Loans 143
SECTION 8.04.  Trustee May Own Certificates........................  143
SECTION 8.05.  Trustee's Fees and Expenses.........................  143
SECTION 8.06.  Indemnification and Expenses of Trustee.............  143
SECTION 8.07.  Eligibility Requirements for Trustee................  144
SECTION 8.08.  Resignation and Removal of Trustee..................  145
SECTION 8.09.  Successor Trustee...................................  146
SECTION 8.10.  Merger or Consolidation of Trustee..................  146
SECTION 8.11.  Appointment of Co-Trustee or Separate Trustee.......  146
SECTION 8.12.  Tax Matters.........................................  147

ARTICLE IX TERMINATION.............................................  150
SECTION 9.01.  Termination upon Liquidation or Repurchase of all
               Mortgage Loans......................................  150
SECTION 9.02.  Final Distribution on the Certificates..............  151
SECTION 9.03.  Additional Termination Requirements.................  152

ARTICLE X MISCELLANEOUS PROVISIONS.................................  153
</TABLE>
```

-iii-

<PAGE>

TABLE OF CONTENTS
(Continued)

<TABLE>
<CAPTION>

|  | PAGE |
|---|---|
| <S> | <C> |
| SECTION 10.01. Amendment.............................................. | 153 |
| SECTION 10.02. Counterparts........................................... | 155 |
| SECTION 10.03. Governing Law.......................................... | 155 |
| SECTION 10.04. Intention of Parties................................... | 155 |
| SECTION 10.05. Notices................................................ | 156 |
| SECTION 10.06. Severability of Provisions............................. | 157 |
| SECTION 10.07. Assignment; Sales; Advance Facilities.................. | 157 |
| SECTION 10.08. Limitation on Rights of Certificateholders............. | 158 |
| SECTION 10.09. Inspection and Audit Rights............................ | 159 |
| SECTION 10.10. Certificates Nonassessable and Fully Paid.............. | 159 |
| SECTION 10.11. Compliance with Regulation AB.......................... | 159 |
| SECTION 10.12. Third Party Rights..................................... | 159 |

</TABLE>

-iv-

<PAGE>

TABLE OF CONTENTS

<TABLE>
<CAPTION>

|  |  | PAGE |
|---|---|---|
| <S> |  | <C> |
| EXHIBIT A | FORMS OF CERTIFICATES |  |
| EXHIBIT B | MORTGAGE LOAN SCHEDULE |  |
| EXHIBIT C | [RESERVED] |  |
| EXHIBIT D | FORM OF TRUSTEE CERTIFICATION |  |
| EXHIBIT E-1 | FORM OF TRANSFEREE'S LETTER AND AFFIDAVIT |  |
| EXHIBIT E-2 | FORM OF TRANSFEROR'S AFFIDAVIT |  |
| EXHIBIT F | FORM OF TRANSFEROR CERTIFICATE |  |
| EXHIBIT G | FORM OF INVESTMENT LETTER (ACCREDITED INVESTOR) |  |
| EXHIBIT H | FORM OF RULE 144A INVESTMENT LETTER (QUALIFIED INSTITUTIONAL BUYER) |  |
| EXHIBIT I | FORM OF REQUEST FOR RELEASE |  |
| EXHIBIT J | [RESERVED] |  |
| EXHIBIT K | FORM OF BACK-UP CERTIFICATION OF TRUSTEE |  |
| EXHIBIT L | FORM OF OFFICER'S CERTIFICATE OF SERVICER |  |
| EXHIBIT M-1 | FORM OF CLASS A-1 CAP CORRIDOR CONTRACT |  |
| EXHIBIT M-2 | FORM OF CLASS A-2 CAP CORRIDOR CONTRACT |  |
| EXHIBIT M-3 | FORM OF SUBORDINATE CERTIFICATE CAP CORRIDOR CONTRACT |  |
| EXHIBIT M-4 | FORM OF CREDIT SUPPORT ANNEX RELATED TO THE CAP CORRIDOR CONTRACTS |  |
| EXHIBIT N | [RESERVED] |  |
| EXHIBIT O | FORM OF TRANSFEROR REPRESENTATION LETTER FOR TRANSFER TO REGULATION S BOOK-ENTRY CERTIFICATE FROM A HOLDER OF A RULE 144A BOOK-ENTRY CERTIFICATE OR DEFINITIVE CERTIFICATE |  |
| EXHIBIT P | FORM OF TRANSFEROR REPRESENTATION LETTER FOR TRANSFER PURSUANT TO RULE 144A FROM A HOLDER OF A REGULATION S |  |

```
                BOOK-ENTRY
                CERTIFICATE OR DEFINITIVE CERTIFICATE
EXHIBIT Q-1     FORM OF CAP CONTRACT
EXHIBIT Q-2     FORM OF SWAP AGREEMENT
EXHIBIT Q-3     FORM OF CREDIT SUPPORT ANNEX RELATED TO THE CAP CONTRACT
                AND SWAP AGREEMENT
EXHIBIT R       FORM OF ASSESSMENT OF COMPLIANCE
EXHIBIT S       SERVICING CRITERIA TO BE ADDRESSED IN ASSESSMENT OF
                COMPLIANCE
EXHIBIT T       FORM OF SARBANES-OXLEY CERTIFICATIONS
EXHIBIT U       FORM OF ITEM 1123 CERTIFICATION OF SERVICER
EXHIBIT V       FORM OF DELINQUENCY REPORT
EXHIBIT W       [RESERVED]
SCHEDULE X
SCHEDULE Y
SCHEDULE Z
</TABLE>
```

-v-

<PAGE>

POOLING AND SERVICING AGREEMENT, dated as of March 1, 2007 (the "Agreement"), among MERRILL LYNCH MORTGAGE INVESTORS, INC., a Delaware corporation, as depositor (the "Depositor"), HOME LOAN SERVICES, INC., a Nevada corporation, as servicer (the "Servicer"), and LASALLE BANK NATIONAL ASSOCIATION, a national banking association, as trustee (the "Trustee").

The Depositor is the owner of the Trust Fund that is hereby conveyed to the Trustee in return for the Certificates. The Trust Fund for federal income tax purposes will consist of (i) three real estate mortgage investment conduits, (ii) the right to receive payments distributable to the Class P Certificates pursuant to Section 4.04(b)(i) hereof, (iii) each Corridor Contract and the Corridor Contract Account, (iv) the grantor trusts described in Section 2.07 hereof and (v) the Supplemental Interest Trust, which in turn will hold the Swap Agreement and the Cap Contract. The SWAP REMIC will consist of all of the assets constituting the Trust Fund (other than the assets described in clauses (ii), (iii), (iv) and (v) above, other than the SWAP REMIC Regular Interests and other than the Lower Tier REMIC Regular Interests) and will be evidenced by the SWAP REMIC Regular Interests (which will be uncertificated and will represent the "regular interests" in the SWAP REMIC) and the Class SWR Interest as the single "residual interest" in the SWAP REMIC. The Lower Tier REMIC will consist of SWAP REMIC Regular Interests and will be evidenced by the Lower Tier REMIC Regular Interests (which will be uncertificated and will represent the "regular interests" in the Lower Tier REMIC) and the Class LTR Interest as the single "residual interest" in the Lower Tier REMIC. The Trustee will hold the Lower Tier REMIC Regular Interests. The Upper Tier REMIC will consist of the Lower Tier REMIC Regular Interests and will be evidenced by the REMIC Regular Interests (which will represent the "regular interests" in the Upper Tier REMIC) and the Residual Interest as the single "residual interest" in the Upper Tier REMIC. The Class R Certificate will represent beneficial ownership of the Class SWR Interest, the Class LTR Interest and the Residual Interest. The "latest possible maturity date" for federal income tax purposes of all interests created hereby will be the Latest Possible Maturity Date.

All covenants and agreements made by the Sponsor in the Sale Agreement and by the Depositor and the Trustee herein with respect to the Mortgage Loans and the other property constituting the Trust Fund are for the benefit of the Holders from time to time of the Certificates.

THE SWAP REMIC

The following table sets forth the designations, initial principal balances and interest rates for each interest in the SWAP REMIC:

11-14

Counterparty or Swap Counterparty, respectively.

Notwithstanding anything to the contrary in this Section 10.01, the Trustee and the Servicer shall reasonably cooperate with the Depositor and its counsel to enter into such amendments or modifications to this Agreement as may be necessary to comply with Regulation AB and any interpretation thereof by the Securities and Exchange Commission.

SECTION 10.02. Counterparts

This Agreement may be executed simultaneously in any number of counterparts, each of which counterparts shall be deemed to be an original, and such counterparts shall constitute but one and the same instrument.

SECTION 10.03. Governing Law

THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED IN THE STATE OF NEW YORK AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HERETO AND THE CERTIFICATEHOLDERS SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS WITHOUT REGARD TO THE CONFLICTS OF LAWS PRINCIPLES THEREOF.

SECTION 10.04. Intention of Parties

It is the express intent of the parties hereto that the conveyance of the Mortgage Notes, Mortgages, assignments of Mortgages, title insurance policies and any modifications, extensions and/or

-155-

\<PAGE\>

assumption agreements and private mortgage insurance policies relating to the Mortgage Loans by the Depositor to the Trustee be, and be construed as, an absolute sale thereof to the Trustee. It is, further, not the intention of the parties that such conveyance be deemed a pledge thereof by the Depositor to the Trustee. However, in the event that, notwithstanding the intent of the parties, such assets are held to be the property of the Depositor, or if for any other reason this Agreement is held or deemed to create a security interest in such assets, then (i) this Agreement shall be deemed to be a security agreement within the meaning of the Uniform Commercial Code of the State of New York and (ii) the conveyance provided for in this Agreement shall be deemed to be an assignment and a grant by the Depositor to the Trustee, for the benefit of the Certificateholders, of a security interest in all of the assets that constitute the Trust Fund, whether now owned or hereafter acquired.

The Depositor for the benefit of the Certificateholders shall, to the extent consistent with this Agreement, take such actions as may be necessary to ensure that, if this Agreement were deemed to create a security interest in the assets of the Trust Fund, such security interest would be deemed to be a perfected security interest of first priority under applicable law and will be maintained as such throughout the term of the Agreement. The Depositor shall arrange for filing any Uniform Commercial Code continuation statements in connection with any security interest granted or assigned to the Trustee for the benefit of the Certificateholders.

SECTION 10.05. Notices

(a) The Trustee shall use its best efforts to promptly provide notice to each Rating Agency with respect to each of the following of which it has actual knowledge:

(i) Any material change or amendment to this Agreement;

(ii) The occurrence of any Event of Default that has not been cured;

(iii) The resignation or termination of the Trustee or the Servicer and the appointment of any successor;

(iv) The repurchase or substitution of Mortgage Loans pursuant to Sections 2.02 and 2.03;

(v) The final payment to Certificateholders; and

(vi) Any change in the location of the Certificate Account.

(b) The Trustee shall promptly furnish or make available to each Rating Agency copies of the following:

(i) Each report to Certificateholders described in Section 4.05;

(ii) Each annual statement as to compliance described in Section 3.17; and

(iii) Each annual independent public accountants' servicing report described in Section 3.18.

-156-

<PAGE>

All directions, demands and notices hereunder shall be in writing and shall be deemed to have been duly given when delivered to (a) in the case of the Depositor, Merrill Lynch Mortgage Investors, Inc. 250 Vesey Street, 4 World Financial Center, 10th Floor, New York, New York 10080, Attention: Asset-Backed Finance; (b) in the case of the Rating Agencies, (i) Standard & Poor's Ratings Services, a division of The McGraw-Hill Companies, Inc., 55 Water Street, New York, New York 10041and (ii) Moody's Investors Service, Inc., 99 Church Street, 4th Floor, New York, New York 10007; (c) in the case of the Servicer, Home Loan Services, Inc., 150 Allegheny Center Mall, Pittsburgh, Pennsylvania 15212, Attention: VP Investor Reporting; (d) in the case of the Trustee, LaSalle Bank National Association, 135 South LaSalle Street, Suite 1511, Chicago, Illinois 60603 Attention: Global Securities and Trust Services--FFMER 2007-1, and in the case of any of the foregoing persons, such other addresses as may hereafter be furnished by any such persons to the other parties to this Agreement. Notices to Certificateholders shall be deemed given when mailed, first class postage prepaid, to their respective addresses appearing in the Certificate Register.

SECTION 10.06. Severability of Provisions

If any one or more of the covenants, agreements, provisions or terms of this Agreement shall be for any reason whatsoever held invalid, then such covenants, agreements, provisions or terms shall be deemed severable from the remaining covenants, agreements, provisions or terms of this Agreement and shall in no way affect the validity or enforceability of the other provisions of this Agreement or of the Certificates or the rights of the Holders thereof.

SECTION 10.07. Assignment; Sales; Advance Facilities

Notwithstanding anything to the contrary contained herein, except as provided pursuant to Section 6.02, this Agreement may not be assigned by the Servicer without the prior written consent of the Trustee and Depositor; provided, however, the Servicer is hereby authorized to enter into an Advance Facility under which (1) the Servicer sells, assigns or pledges to an Advancing Person the Servicer's rights under this Agreement to be reimbursed for any Advances or Servicing Advances and/or (2) an Advancing Person agrees to fund some or all Advances or Servicing Advances required to be made by the Servicer

# EXHIBIT-B

**FLORIDA**
COUNTY OF *ORANGE*
POOL NO.
LOAN NO. (4001208740) **LAW OFFICES OF**
1044833779 [FR0621] **MARSHALL C. WATSON, P.A.**
1800 N.W. 49th Street, Suite 120
Ft. Lauderdale, FL 33309

Assignment-Interv.-Recorded
WHEN RECORDED MAIL TO:
LAW OFFC. MARSHALL C. WATSON
1800 NW 49TH ST.,
FT LAUDERDALE, FL 33309
PH: (954) 453-5222
ATT: KELLY ANDERSON

DOC # 20090001702   B: 9809 P: 3198
01/02/2009 12:06:34 PM  Page 1 of 1
Rec Fee: $10.00  Doc Type: A
Deed Doc Tax: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
MB - Ret To: LAW OFFICE OF MARSHALL C

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that
*MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.*
*(MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB*
*2150 NORTH FIRST STREET, SAN JOSE, CA 95131,*
located at *2150 NORTH 1ST STREET, SAN JOSE CA 95131*
"Assignor," in consideration of the sum of *TEN DOLLARS ($10.00)* and other good
and valuable consideration paid by *LaSalle Bank National Association, as Trustee for*
*Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed*
*Certificates, Series 2007-1*
located at _____
"Assignee", does hereby grant, bargain, sell, assign, transfer and set over unto Assignee
a certain indenture of mortgage bearing the date of *JANUARY 3, 2007*
made by *ROBERT E HERNANDEZ AND ROSA SANCHEZ, HUSBAND AND WIFE*
and recorded in
Book *09068*, page *4210*, Clerk's File #*20070037534* public records
of *ORANGE* County, Florida, upon the following described property:

*AS DESCRIBED ON SAID MORTGAGE REFERRED TO HEREIN.*

TOGETHER WITH the note(s) and documents therein described or referred to, the money due
and to become due, with interest, and all rights accrued or to accrue under said Mortgage.
TO HAVE AND TO HOLD the same unto the said Assignee, its successors and assigns forever.
IN WITNESS WHEREOF the said Assignor has caused these presents to be executed in its
name by its proper officers thereunto duly authorized this *9th* day of
*DECEMBER 2008*, but effective *JANUARY 8, 2007*.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
(MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL
CORP., AN OP. SUB. OF MLB&T CO., FSB 2150 NORTH
FIRST STREET, SAN JOSE, CA 95131

BY: _____
KRYSTAL HALL
ASST SECRETARY FOR ASSIGNMENTS

STATE OF *IDAHO*      )
                      ) SS
COUNTY OF *BONNEVILLE* )

On *DECEMBER 9, 2008*, before me, the undersigned, personally appeared
*KRYSTAL HALL* who is known to me to be the person who executed
the within instrument as the *ASST SECRETARY FOR ASSIGNMENTS*
_____ of the Corporation that executed the within
instrument and acknowledged to me that the Corporation executed the within instru-
ment pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.

_____
MELISSA HIVELY (COMMISSION EXP. 07-28-14)
NOTARY PUBLIC

MELISSA HIVELY
NOTARY PUBLIC
STATE OF IDAHO

PREPARED BY
_____
KARLEEN MAUGHAN
595 UNIVERSITY BLVD.
IDAHO FALLS, ID 83401

P=S.002.00087.17
C=s.380.0047       J=h18110108ai.s.04036

08-64765

14-14