UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                Case No. 6:25-BK-02758-GER

ROBERTO E. HERNANDEZ,
                                                      Chapter 13
         Debtor.
_____/

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1'S RESPONSE TO DEBTOR'S MOTION TO STRIKE OR DISALLOW SECURED CLAIM OF NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER, AND TO DETERMINE SECURED STATUS PURSUANT TO 11 U.S.C. § 506**

U.S. Bank National Association, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 ("Secured Creditor"), by and through undersigned counsel, files this *Response to Debtor's Motion to Strike or Disallow Secured Claim of Nationstar Mortgage LLC, d/b/a Mr. Cooper, and to Determine Secured Status Pursuant to 11 U.S.C. §506* [Dkt. No. 33] and in support states as follows:

STATEMENT OF FACTS

**1. Loan History**

**1.**     On January 3, 2007, Robert E. Hernandez, aka Roberto E. Hernandez, ("Debtor") executed a promissory Note (the "Note") in the original principal sum of $304,000.00 to First Franklin Financial Corp. an Op. Sub. of MLB&T CO., FSB. The Note is secured by a Mortgage, executed by Debtor and the non-filing Co-Debtor Rosa Sanchez, on real property located at 2102 Meadowmouse Street, Orlando, Florida 32837 (the "Property"). The Mortgage reflects that it

was duly recorded in Official Records Book 09068, at Page 4210, of the Public Records of Orange County, Florida[1]. (See Claim No. 3-1). The Note was subsequently endorsed in blank. A copy of the Note is attached as **Exhibit A.**

**2.** Subsequently, interest in the Mortgage was assigned to Secured Creditor. Copies of the Assignments of Mortgage are attached as **Exhibit B.**

3. The aforementioned Mortgage gives Secured Creditor a first mortgage position as to the Property.

4. Debtor defaulted under the terms of the Note and Mortgage by failing to make the monthly payments due there under and is currently **contractually due for May 1, 2014**.

**2. Prior Bankruptcy Case**

5. On April 9, 2013, Debtor filed a prior Chapter 7 bankruptcy case in the Middle District of Florida and was assigned bankruptcy case number 6:13-bk-04278-KSJ (the "First Case"). Debtor failed to comply with the Court's *Notice of Deficient Filing* and a Dismissal Order was entered on 4/29/2013 (See Bankruptcy Case No. 6:13-bk-04278-KSJ, Dkt No. 10).

6. On June 6, 2013, Debtor filed another Chapter 7 bankruptcy case in the Middle District of Florida and was assigned bankruptcy case number 6:13-bk-07058-CCJ (the "Second Case"). On November 6, 2013, the Court entered an Order converting the Case to a Chapter 13 (See Bankruptcy Case No. 6:13-bk-07058-CCJ, Dkt No. 62). A Chapter 13 Plan was never confirmed and Debtor filed a Notice of Voluntary Dismissal on December 18, 2015 (See Bankruptcy Case No. 6:13-bk-07058-CCJ, Dkt No. 153).

---

1 Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Secured Creditor requests that the Court take judicial notice of the documents and other records on file in the instant case.

7. On August 31, 2023, Debtor filed a Chapter 13 bankruptcy case in the Middle District of Florida and was assigned bankruptcy case number 6:23-bk-03560-GER (the "Third Case"). On June 10, 2024, the Court entered an Order Granting the Chapter 13 Trustee's Motion to Dismiss Case for Failure to File a Feasible Chapter 13 Plan (See Bankruptcy Case No. 6:23-bk-03560-GER, Dkt No. 77). On June 17, 2024, Debtor filed a Notice of Appeal as to the Dismissal Order, which was later dismissed by Order of the District Court on February 13, 2025 (See Bankruptcy Case No. 6:23-bk-03560-GER, Dkt Nos. 79 and 87).

**3. The Instant Bankruptcy Case**

8. On May 8, 2025, Debtor commenced instant bankruptcy case by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Fourth Case") [Dkt No. 1].

9. On July 17, 2025, Secured Creditor filed Proof of Claim Number 3 (the "Claim 3-1") in this case with a total debt amount of $582,965.90 including total pre-petition arrears in the amount of $349,082.33. The Post-petition mortgage payment is $2,999.40.

10. According to the *Chapter 13 Plan,* [Dkt No. 15], Debtor proposes to maintain the post-petition payments of the loan and cure the default.

11. On July 24, 2025, Debtor filed a *Motion to Strike or Disallow Secured Claim of Nationstar Mortgage LLC, d/b/a Mr. Cooper, and to Determine Secured Status Pursuant to 11 U.S.C. §506* [Dkt No. 33] (the "Motion to Strike or Disallow Secured Claim") requesting the Court strike and disallow Claim 3-1 as the Claim lacks sufficient documentation to establish standing to enforce the allege secured claim.

**ARGUMENT AND CITATION OF AUTHORITY**

A. **Debtor Fails to Rebut the Presumptive Validity of the Claim**

   1. **Legal Standard**

12. A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f). It is well settled that a proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a). *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Id.* (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)(quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15 ed. 1991)). To defeat the claim, **the objector must come forward with sufficient evidence** and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Id.* (citing *In re Holm*, 931 F.2d at 623).

**2. The Claim is Presumptively Valid**

13. As an initial matter, the record reflects that the Claim was filed in accordance with Federal Rule of Bankruptcy Procedure 3001. More specifically, the Claim was: (1) filed on the Court's Official Form, as required by Rule 3001(a); (2) executed by an authorized agent, thereby satisfying Rule 3001(b); (3) accompanied by a duplicate of the writing on which the Claim is based in accordance with Rule 3001(c)(1); and (4) accompanied by evidence that the security interest in the Property has been perfected (i.e., a copy of the recorded Mortgage), thereby satisfying Rule 3001(d). In addition, as Debtor is an individual, the Claim included an itemized statement outlining principal, interest, fees, expenses and an escrow analysis, satisfying Rule 3001(c)(2)(A).

14. The Note was subsequently endorsed in blank. Secured Creditor, as the holder of the note, has standing to file the Proof of Claim. See *Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l Ass'n*, 312 So. 3d 105, (Fla. 3d DCA Oct. 31, 2018).

15. Because the Claim was filed in accordance with Rule 3001, it constitutes *prima facie* evidence of both the validity **and amount** of the claim. *See* Fed. R. Bankr. P. 3001(f). Here, Debtor has failed to present **any** evidence to meet **his** burden that the Proof of Claim should be disallowed.

16. Debtor has not presented evidence in support of the objection to the Claim that is sufficient to rebut the presumptive validity of the Claim. As a result, the Motion to Strike and Disallow Secured Claim must be denied.

17. Debtor does not dispute the fact that the Claim is timely filed before the claim bar date. As such, Secured Creditor submits the filing of said claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001 (f).

18. Section 501 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizes a "creditor" to file a proof of claim. *See* 11 U.S.C. § 501(a). A "creditor" is defined under the Bankruptcy Code as, among other things, an "entity that has a 'claim' against the debtor that arose at the time of or before the order for relief concerning the debtor." *See* 11 U.S.C. § 101(10). In turn, the Bankruptcy Code defines "claim" as follows:

> (A) *right to payment*, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 .S.C. § 101(5)(A)-(B)(emphasis added).

19. In bankruptcy proceedings, state substantive law controls the rights of note and lienholders. *See United States v. Butner*, 440 U.S. 48, 54-55 (1979)(nature and extent of property interests in bankruptcy are determined by applicable state law). Therefore, the Court must look to Florida law to determine whether Creditor has a "right to payment" under the Note.

20. Section 673.3011, Florida Statutes (2009) defines the persons entitled to enforce a negotiable instrument, reads as follows:

The term "person entitled to enforce" an instrument means:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder; or

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).

21. For the reasons set forth above, Debtor is merely using the Bankruptcy Court as an instrument to continue his efforts to hinder and delay Creditor coupled with Debtor's actions in each of the previously filed Bankruptcy cases.

**B.    Debtor Lacks Standing to Challenge the Invalidity of the Assignment of Interest and Lacks Privity to the Indorsement Contract.**

22. Under Florida law, non-parties to a contract do not have standing to challenge the contract. This rule is long-standing and uniform to all types of contracts, including contracts of assignment. An indorsement on a note is a contract between the indorser and indorsee, separate from the original note itself. An indorsement is a contract that transfers the note from the indorser to the indorsee. Non-parties to that indorsement contract, such as a borrower (herein the instant action as to the Debtor), lack standing to challenge the indorsement; just as they lack standing to challenge a separately written assignment of a note or mortgage that serves the same purpose. The UCC, as adopted in Florida and every other state, reinforces this common law rule, and in no way contravenes or replaces it.

23. Here, Debtor challenges the standing of Secured Creditor to file the Claim 3-1 and enforce its secured Claim due to the alleged failure to comply with the Pooling and Servicing Agreement attached to the Motion to Strike or Disallow Secured Claim.

24. The relevant Florida case law is very clear that a borrower is not a party or third party beneficiary to the Pooling and Servicing Agreement therefore cannot challenge a Creditor's standing by relying on trust documentation to which the borrower is not a party. *HSBC Bank USA, Nat 7 Ass 'n v. Buset*, 141 So. 3d 882, 889-90 (Fla.3d DCA 2018)("Because the Borrowers are not parties or third-party beneficiaries to the Pooling and Servicing Agreement, they cannot raise purported violations of the Agreement . . ."); *Citibank, N.A. v. Olsak*, 108 So.3d 227, 230 (Fla.3d DCA 2016) (because borrowers are not parties or third-party beneficiaries to the Pooling and Servicing Agreement, "borrowers cannot defeat a foreclosure plaintiff's standing by relying upon trust documents to which the borrower is not a party."); *Castillo v. Deutsche Bank Nat'l Tr. Co.*, 89 So. 3d 1069, 1069 (Fla.3d DCA 2012) ("Because the appellant is neither a party to nor a third-party beneficiary of the trust, we find the appellant lacks standing to raise this issue and affirm the final judgment of foreclosure in favor of the appellee as the holder of the original note and mortgage.").

25. Additionally, Debtor is challenging Secured Creditor's standing to file Claim 3-1 as to the invalidity of the assignment of mortgage stating that the Assignment of Mortgage, or any Assignment of Mortgage, is void pursuant to the cut-off date stated in the Pooling and Servicing Agreement and New York trust law.

26. Again, Debtor does not have privity to challenge the Assignments of Mortgage. *Harvey v. Deutsche Bank Nat'l Tr. Co.*, 69 So. 3d 300, 304 (Fla.4th DCA 2011) (Rejecting a non-party's challenge to a contract of assignment and stating, "[a]s to Harvey's argument

regarding "questionable signatures,' . . .Even if Harvey could prove this, the dispute would be between AHMAI and Deutsche [the assignor and assignee]."); *Kiwanas Club of Little Havana, Inc. v. de Kalafe*, 723 So. 2d 838, 840 (Fla.3d DCA 1998) (A third party has "no standing to challenge the rights of the parties in the agreement."); *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1218 (llth Cir. 2020) ("An assignment is 'a contract between the assignor and the assignee.'" citing 3A Fla. Jur.2d *Assignments*§ 1 (2d ed. June 2020 update))(emphasis added); *OMS Collections, Ltd v. Tien*, 634 F. App'x 750, 757 (llth Cir. 2015) ("He is not entitled to argue invalidity of the assignment of interest from the AAG entities to OMS because he was not a party to the assignment."); *Coursenv. JP Morgan Chase & Co.,No*. 2013 WL 5437341, at *11 (M.D. Fla. Sept.27,2013), affd sub nom. *Coursen v. Shapiro & Fishman, GP*, 588 F. App'x 882 (llth Cir. 2014) ("[U]nder Florida law, Coursen as a non-party to the assignment lacks standing to contest it.") (emphasis added); *Fontaine v. JP Morgan Chase Bank, N.A*., 3:16-CV-1301-J-34MCR, 2017 WL 9398637, at *6 (M.D. Fla. July 26, 2017), report and recommendation adopted as modified sub nom. *Fontaine v. JPMorgan Chase Bank, N.A*., 3:16-CV-1301-J-34MCR, 2017 WL 3725676 (M.D. Fla. Aug. 30, 2017)("Plaintiffs lack standing to challenge the validity of the Assignment or any non-compliance with the terms of the Trust agreement, because they are not parties to the Assignment or the Trust agreement and their interests are unaffected by the Assignment.").

27.     Debtor has no standing to challenge the validity of the Assignments of Mortgage or the indorsements as to effective transfers under the Pooling and Servicing Agreement. Although Debtor is a party to the Note itself, he is not a party to or an intended third party beneficiary of the indorsement, which constitutes a separate agreement between the transferor to the transferee. "….[A] person who is neither a party to nor an intended third-party beneficiary of

a contract has no rights under the contract to enforce." *Bank of New York Mellon v. Lopez*, 50 Fla. L. Weekly D438 (Fla. 4th DCA Feb. 19, 2025) (reh'g denied, rev. pending). (quoting *Green Emerald Homes, LLC v. 21 Mortg. Corp.*, 300 So. 3d 698, 706 (Fla. 2d DCA 2019)).

28. For all of the reasons discussed herein, Secured Creditor submits that the Claim should be allowed as filed. Debtor's Motion to Strike or Disallow Secured Claim should be denied.

29. Secured Creditor has incurred attorney's fees as a result of the necessity of filing this oppositional Response. Secured Creditor's attorney's fees and costs are recoverable as part of the debt pursuant to the loan documents.

**C.    Reservation of Rights.**

30. Secured Creditor hereby reserves the right to supplement this Response and file an Amended Proof of Claim at or prior to the hearing.

**WHEREFORE**, Secured Creditor respectfully requests that the Court deny Debtor's *Motion to Strike or Disallow Secured Claim*; that a hearing be held on this matter; and grant such other and further relief as might be deemed just and proper.

Respectfully submitted                                                ALDRIDGE PITE, LLP

/s/ Jennifer Laufgas
Jennifer Laufgas (SBN 56181)
jlaufgas@aldridgepite.com
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTORS (via U.S. Mail)**

Roberto E. Hernandez
2102 Meadowmouse St.
Orlando, FL 32837

**TRUSTEE
(via electronic notice)**

Laurie K Weatherford
Post Office Box 3450
Winter Park, FL 32790
ecfdailysummary@c13orl.com

**UNITED STATES TRUSTEE
(via electronic notice)**

Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801
USTP.Region21.OR.ECF@usdoj.gov

Dated: August 26, 2025                     ALDRIDGE PITE, LLP

/s/ Jennifer Laufgas
Jennifer Laufgas (SBN 56181)
jlaufgas@aldridgepite.com
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385