UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

SEP 2 4 2025

Clerk, U.S. Bankruptcy,
Orlando Division

In re:                                              Chapter 13

ROBERTO HERNANDEZ,                                  Case No. 6:25-bk-02758-GER

Debtor.

## DEBTOR'S REPLY TO SECURED CREDITOR'S RESPONSE TO OBJECTION TO CLAIM 3-1

*(U.S. Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-1)*

COMES NOW, the Debtor, ROBERTO E. HERNANDEZ, pro se, and respectfully submits this Reply to the Response filed by the alleged Secured Creditor, U.S. Bank National Association, as Trustee, to Debtor's Objection to Proof of Claim 3-1. For the reasons set forth below, the Objection should be sustained, and Claim 3-1 should be disallowed or conditionally disallowed unless and until strict proof is produced.

## I. THE CREDITOR HAS NOT CARRIED ITS BURDEN TO PROVE STANDING.

The Creditor asserts the Note is endorsed in blank but provides only copies, not competent evidence of possession of the original wet-ink Note as of the petition date (May 8, 2025) and claim filing date (July 17, 2025). Under Fla. Stat. § 673.3011 and Fed. R. Bankr. P. 3001, mere

Page-1-6

copies and attorney argument are insufficient. Creditor must produce a custodian affidavit, chain-of-custody records, or the original Note for inspection.

## II. THE ASSIGNMENTS OF MORTGAGE ARE FACIALLY IRREGULAR.

The Assignment dated December 9, 2008 purports to be effective as of January 8, 2007, raising concerns of backdating. Additionally, a Corporate Assignment dated August 24, 2025, executed post-petition, attempts to alter or reinforce the chain of title. Retroactive assignments cannot cure standing defects. Strict proof of authority, notary records, and custodial documentation must be required.

## III. THE AUGUST 24, 2025 CORPORATE ASSIGNMENT IS POST-PETITION AND INEFFECTIVE.

Any transfer occurring after the petition date must comply with Fed. R. Bankr. P. 3001(e). Absent compliance, the Court must disregard this instrument. It cannot retroactively establish standing.

## IV. RULE 3001(c)(2) COMPLIANCE IS LACKING.

Claim 3-1 asserts arrears and charges without itemized support as required by Fed. R. Bankr. P. 3001(c)(2)(A)-(C). Non-itemized fees and advances should be excluded, and sanctions considered under Rule 3001(c)(2)(D). The Debtor also requests full loan payment history and escrow records under Rule 3001(c)(3)(B).

## V. PSA/REMIC ISSUES NEED NOT BE DECIDED.

The Debtor acknowledges that courts in this District have generally held that a borrower lacks standing to directly enforce the terms of a Pooling and Servicing Agreement ("PSA") or Internal

Revenue Code provisions governing Real Estate Mortgage Investment Conduits ("REMIC").

*See, e.g., Livonia Properties Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC,*

399 F. App'x 97 (6th Cir. 2010). However, the Debtor does not seek to enforce those

agreements. Instead, the Debtor relies on PSA cut-off dates and REMIC deadlines only as

contextual evidence that underscores the facial irregularities of the assignments presented here—

namely, an Assignment of Mortgage executed in December 09, 2008 but purporting to be

effective retroactively to January 08, 2007, and a Corporate Assignment executed post-petition

on August 24, 2025. These inconsistencies reinforce that the Creditor has not carried its burden

to establish a continuous and lawful chain of title. The Court need not adjudicate PSA or REMIC

compliance to conclude that the Creditor has failed to produce competent evidence of standing.

## VI. RELIEF REQUESTED AND EVIDENTIARY HEARING.

Debtor requests that the Court sustain the Objection, disallow or conditionally disallow Claim 3-

1, exclude non-itemized amounts, strike or disregard the post-petition assignment, and set an

evidentiary hearing requiring Creditor to produce the original Note and a competent witness to

establish possession, endorsements, and chain of title.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court sustain the Objection to

Claim 3-1, disallow or conditionally disallow the claim unless strict proof is produced, exclude

unsupported amounts, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Roberto Hernandez, Pro Se
2102 Meadowmouse St.
Orlando, FL 32837
Tel: (321) 231-6610
Email: Robert2792@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Debtor's Reply to Secured Creditor's Response to Objection to Claim 3-1" has been furnished on this *24* day of *September*, 2025, by electronic filing through the Court's CM/ECF system, which will send notice to all parties registered to receive such notice, including:

Counsel for Secured Creditor:
**(via electronic notice)**
Jennifer Laufgas (SBN 56181)
**jlaufgas@aldridgepite.com**

Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385

**TRUSTEE**
**(via electronic notice)**
Laurie K Weatherford
Post Office Box 3450
Winter Park, FL 32790
**ecfdailysummary@c13orl.com**

**UNITED STATES TRUSTEE**
**(via electronic notice)**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801
**USTP.Region21.OR.ECF@usdoj.gov**

Respectfully submitted,

Roberto Hernandez, Pro Se
2102 Meadowmouse St.
Orlando, FL 32837
Tel: (321) 231-6610
Email: Robert2792@gmail.com