**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In re:

ROBERTO HERNANDEZ,

Debtor.

Case No. 6:25-bk-02758-GER
Chapter 13

FILED
OCT 14 2025
Clerk, U.S. Bankruptcy,
Orlando Division

## MOTION TO DETERMINE STANDING, TO STRIKE DEFECTIVE ASSIGNMENTS OF MORTGAGE, AND FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(a))

COMES NOW the Debtor, Roberto Hernandez, appearing pro se, and respectfully files this Motion for Sanctions and Response to Creditor's Post-Petition Assignment as a Willful Violation of the Automatic Stay under 11 U.S.C. § 362(k), and in support states as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as this motion arises under Title 11 of the United States Code.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

## II. FACTUAL BACKGROUND

3. The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 8, 2025.

4. Upon filing, the automatic stay provided by 11 U.S.C. § 362(a) immediately went into effect, prohibiting all entities from taking any action to obtain possession of, or to perfect a lien against, property of the bankruptcy estate.

5. On December 9, 2008, Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB, executed an Assignment of Mortgage transferring the subject mortgage to LaSalle Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1. This assignment was duly recorded in the public records of Orange County, Florida.    EXHIBIT A

6. On August 4, 2025, after the commencement of this case, Nationstar Mortgage LLC d/b/a Mr. Cooper, acting as attorney-in-fact for LaSalle Bank N.A., executed and recorded a Corporate Assignment of Mortgage purporting to transfer the same mortgage to U.S. Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1, Mortgage Loan Asset-Backed Certificates, Series 2007-1.

7. The above-referenced August 4, 2025, assignment was executed and recorded after the Debtor's Chapter 13 filing, while Nationstar had actual knowledge of the pending bankruptcy, as evidenced by its filing of Proof of Claim No. 3-1 on July 17, 2025.

8. The August 4, 2025, assignment was made in the name of a defunct institution (LaSalle Bank N.A.), which ceased to exist upon its merger into Bank of America, N.A.

in 2007, rendering the purported authority of Nationstar as "attorney-in-fact" legally void.

9. The execution and recordation of the August 4, 2025, assignment therefore constitute a willful violation of the automatic stay under 11 U.S.C. § 362(a)(3) and (a)(4), and the document itself is void ab initio.   EXHIBIT B

### III. LEGAL ARGUMENT

A. The Post-Petition Assignment Is Void Ab Initio

10. The Eleventh Circuit has long held that any act taken in violation of the automatic stay is void ab initio, not merely voidable. In re Albany Partners Ltd., 749 F.2d 670, 675 (11th Cir. 1984).

11. The August 4, 2025, assignment was executed and recorded after the stay was in place and therefore is void as a matter of law.

12. No motion for relief from stay was filed or granted prior to this transfer, rendering the assignment legally ineffective and a nullity.

B. The Violation Was Willful

13. Under 11 U.S.C. § 362(k)(1), an individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorney's fees, and, when appropriate, punitive damages.

14. A violation is "willful" when (1) the creditor knew of the bankruptcy and (2)

intentionally performed the act that violated the stay. Jove Engineering, Inc. v. IRS, 92 F.3d 1539, 1555 (11th Cir. 1996); In re McLean, 794 F.3d 1313, 1322 (11th Cir. 2015).

15. Here, Nationstar Mortgage and U.S. Bank had full notice of the pending case—Nationstar filed Claim 3-1 before executing the assignment—and nevertheless intentionally completed and recorded the transfer, thereby willfully violating the stay.

C. Debtor Has Standing to Challenge a Void Assignment

16. Although the Creditor's Response (Doc. #41) asserts the Debtor lacks standing to challenge assignments or Pooling and Servicing Agreement ("PSA") violations, that argument fails where the act complained of is void rather than voidable.

17. Courts distinguish between void and voidable transfers: a debtor may challenge a void assignment that affects estate property. In re Walker, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012); Reyes-Toledo v. Bank of N.Y. Mellon, 239 F. Supp. 3d 1101 (D. Haw. 2017).

18. Post-petition transfers of interests in property of the estate are void as a matter of law, and the Debtor, as the estate's representative under § 1306(b), has standing to seek redress.

19. Additionally, under New York trust law (governing the Merrill Lynch First Franklin Mortgage Loan Trust), any transfer into the trust after the cut-off date established in the PSA is void. Glaski v. Bank of Am., 218 Cal. App. 4th 1079, 1097 (2013) (applying N.Y. EPTL § 7-2.4).

...

D. Post-Petition Recordation Constitutes Exercise of Control

20. Recording an assignment post-petition is an affirmative act to exercise control over property of the estate. In re Johnson, 501 F.3d 1163, 1172 (10th Cir. 2007).

21. The act of recording the August 4, 2025, assignment therefore violated § 362(a)(3) and (a)(4) and cannot be excused by any alleged servicing or ministerial purpose.

## IV. ADDITIONAL GROUNDS: CHAIN-OF-TITLE DEFECTS AND VOID POST-PETITION ASSIGNMENT

22. The December 9, 2008, assignment transferred the mortgage from MERS, as nominee for the original lender, directly to LaSalle Bank N.A., as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1. This assignment completed the chain of title.

23. The August 4, 2025, assignment purports to again transfer the same interest to the same trust, nearly 17 years later, by a servicer claiming to act as "attorney-in-fact" for a defunct entity (LaSalle Bank N.A.).

24. LaSalle Bank N.A. merged into Bank of America N.A. in 2007, and as a result, could not have conferred authority upon Nationstar in 2025. Under Florida law, a power of attorney or agency relationship terminates when the principal ceases to exist. St. Clair v. Midland Mortgage Co., 270 So. 3d 512 (Fla. 4th DCA 2019).

25. Therefore, the 2025 assignment is void on its face as executed by an unauthorized agent for a non-existent principal.

26. Furthermore, because the 2008 assignment already conveyed the loan to the trust, any later attempt to re-transfer the same interest constitutes a redundant and unauthorized conveyance. A party cannot convey what it no longer owns. Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic, 913 So. 2d 1281 (Fla. 2d DCA 2005).

27. Additionally, the Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 had a PSA cut-off date of March 1, 2007, meaning any transfer thereafter is void under New York EPTL § 7-2.4. Glaski v. Bank of Am., 218 Cal. App. 4th 1079 (2013); Wells Fargo Bank v. Erobobo, 971 N.Y.S.2d 885 (N.Y. Sup. Ct. 2013).

28. The 2025 assignment—executed both after the trust's closing date and after the bankruptcy filing—is doubly void under state trust law and federal bankruptcy law.

## V. DAMAGES AND SANCTIONS

29. The Debtor has suffered significant emotional distress, anxiety, loss of peace at home, and incurred costs in preparing and filing this motion.

30. The Eleventh Circuit recognizes recovery for emotional distress damages under § 362(k). Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1271 (11th Cir. 2014).

31. Punitive damages are also appropriate when a creditor acts with reckless disregard of the law. In re McLean, 794 F.3d 1313, 1322 (11th Cir. 2015).

32. Nationstar and U.S. Bank's disregard of the stay was willful and deliberate, warranting both compensatory and punitive damages to deter similar conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Debtor, Robert Hernandez, respectfully requests that this Honorable Court:

1. Declare that the Corporate Assignment of Mortgage executed on August 4, 2025, is void ab initio as a post-petition act in violation of the automatic stay;

2. Find that Nationstar Mortgage LLC d/b/a Mr. Cooper and U.S. Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1, willfully violated the automatic stay;

3. Award the Debtor actual, emotional, and punitive damages, together with costs and any reasonable attorney's fees pursuant to 11 U.S.C. § 362(k); and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 14 day of October 2025.

Roberto Hernandez
Pro Se Debtor
2102 Meadowmouse Street
Orlando, FL 32837
Phone: (321) 231-6610
Email: Robert2792@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **MOTION TO DETERMINE STANDING, TO STRIKE DEFECTIVE ASSIGNMENTS OF MORTGAGE, AND FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(a))** the foregoing has been furnished on the date October 14, 2025 of filing via CM/ECF, Email or U.S. Mail to:

Jeniffer Laugfas,
Attorneys for U.S. Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1, Mortgage Loan Asset-Backed Certificates, Series 2007-1,
through its servicer Nationstar Mortgage LLC d/b/a Mr. Cooper
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N. E., Suite 700
Atlanta, GA 30305
Email: Jlaufgas@aldridgepite.com

Nationstar Mortgagee LLC d/b/a Mr. Cooper
Bankruptcy Legal Department
P. O. Box 619096
Email: researchincoming@mrcooper.com

Laurie K. Weatherford, Chapter 13 Trustee.
P. O. Box 3450
Winter Park, FL 32792
Email: info@c13orl.com

Office of the United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: USTP.Region21@usdoj.gov

Respectfully submitted,

_/s/ Roberto Hernandez_
Roberto Hernandez
Doctor, Pro se
Phon (321) 231-6610
Email: Robert2792@gmail.com

# EXHIBIT -A

**FLORIDA**
COUNTY OF **ORANGE**
POOL NO.
LOAN NO. (4001208740)
1044833779

LAW OFFICES OF
**MARSHALL C. WATSON, P.A.**
1800 N.W. 49th Street, Suite 120
Ft. Lauderdale, FL 33309

DOC # 20090081782  B: 9889 P: 3198
01/02/2009 12:06:34 PM  Page 1 of 1
Rec Fee: $10.00  Doc Type: A
Deed Doc Tax: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
MS - Ret To: LAW OFFICE OF MARSHALL C

Assignment-Interv.-Recorded
WHEN RECORDED MAIL TO:
LAW OFFC. MARSHALL C.
1800 NW 49TH ST.,
FT LAUDERDALE, FL 33309
PH: (954) 453-5222
ATT: KELLY ANDERSON

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**
**(MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB**
**2150 NORTH FIRST STREET, SAN JOSE, CA 95131,**
located at **2150 NORTH 1ST STREET, SAN JOSE CA 95131**,
"Assignor," in consideration of the sum of **TEN DOLLARS ($10.00)** and other good and valuable consideration paid by **LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1**
located at
"Assignee", does hereby grant, bargain, sell, assign, transfer and set over unto Assignee a certain indenture of mortgage bearing the date of **JANUARY 3, 2007**
made by **ROBERT E HERNANDEZ AND ROSA SANCHEZ, HUSBAND AND WIFE**
and recorded in
Book **09068**, page **4210**, Clerk's File # **20070037534** public records
of **ORANGE** County, Florida, upon the following described property:

AS DESCRIBED ON SAID MORTGAGE REFERRED TO HEREIN.

TOGETHER WITH the note(s) and documents therein described or referred to, the money due and to become due, with interest, and all rights accrued or to accrue under said Mortgage.
TO HAVE AND TO HOLD the same unto the said Assignee, its successors and assigns forever.
IN WITNESS WHEREOF the said Assignor has caused these presents to be executed in its name by its proper officers thereunto duly authorized this **9th** day of **DECEMBER 2008**, but effective **JANUARY 8, 2007**.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
(MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL
CORP., AN OP. SUB. OF MLB&T CO., FSB 2150 NORTH
FIRST STREET, SAN JOSE, CA 95131

BY: _____
KRYSTAL HALL
ASST SECRETARY FOR ASSIGNMENTS

STATE OF **IDAHO**        )
                         ) ss
COUNTY OF **BONNEVILLE** )

On **DECEMBER 9, 2008**, before me, the undersigned, personally appeared **KRYSTAL HALL** who is known to me to be the person who executed the within instrument as the **ASST SECRETARY FOR ASSIGNMENTS** of the Corporation that executed the within instrument and acknowledged to me that the Corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.

_____
MELISSA HIVELY  (COMMISSION EXP. 07-28-14)
NOTARY PUBLIC

MELISSA HIVELY
NOTARY PUBLIC
STATE OF IDAHO

PREPARED BY
_____
KARLEEN MAUGHAN
595 UNIVERSITY BLVD.
IDAHO FALLS, ID 83401

P=S.002.00087.17
C=S.380.0047
J=h18110108=i.s.04036

08-64765

# EXHIBIT-B

Recording Requested By:
NATIONSTAR MORTGAGE DBA MR. COOPER

When Recorded Return To:

DOCUMENT ADMINISTRATION
NATIONSTAR MORTGAGE DBA MR. COOPER
8950 CYPRESS WATERS BLVD.
COPPELL, TX 75019



Phil Diamond, Comptroller
Orange County, FL
Ret To: SIMPLIFILE LC

## CORPORATE ASSIGNMENT OF MORTGAGE

Orange, Florida
SELLERS SERVICING #:_____2205 "HERNANDEZ"

Date of Assignment: August 4th, 2025
Assignor: LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-1, BY NATIONSTAR MORTGAGE LLC AS IT'S ATTORNEY-IN-FACT at 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019
Assignee: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 at 425 WALNUT ST., CINCINNATI, OH 45202
Executed By: ROBERT E HERNANDEZ AND ROSA SANCHEZ, HUSBAND AND WIFE To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 01/03/2007 Recorded: 01/18/2007 in Book/Reel/Liber: OR 09068 Page/Folio: 4210 as Instrument No.: 20070037534 in the County of Orange, State of Florida.

Property Address: 2102 MEADOWMOUSE ST, ORLANDO, FL 32837

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $304,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-1, BY NATIONSTAR MORTGAGE LLC AS IT'S ATTORNEY-IN-FACT
On August 4th, 2025

By: _____
TSEDALE ALEMU, Vice-President

STATE OF Texas
COUNTY OF Dallas

On August 4th, 2025, before me, SYLVIA RAMIREZ, a Notary Public in and for Dallas in the State of Texas, personally appeared TSEDALE ALEMU, Vice-President of NATIONSTAR MORTGAGE LLC AS IT'S ATTORNEY-IN-FACT FOR LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-1, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

SYLVIA RAMIREZ
Notary Expires: 03/13/2027

SYLVIA RAMIREZ
Notary Public, State of Texas
Comm. Expires 03-13-2027
Notary ID 131921680

(This area for notarial seal)

Ex. B

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2
Prepared By: Douglas Keaton, NATIONSTAR MORTGAGE DBA MR. COOPER 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019 1-888-480-2432

Ex. B