United States Bankruptcy Court
Middle District of Florida

In re:                                                                          Case No. 25-02758-GER
Roberto E. Hernandez                                                            Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 113A-6                          User: admin                                    Page 1 of 2
Date Rcvd: Dec 17, 2025                       Form ID: pdfdoc                          Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 19, 2025:**

| Recip ID | Recipient Name and Address |
| --- | --- |
| db | + Roberto E. Hernandez, 2102 Meadowmouse St., Orlando, FL 32837-7413 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 19, 2025                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 17, 2025 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Jennifer Laufgas | on behalf of Creditor U.S. Bank National Association  AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRIL ecfflmb@aldridgepite.com, jlaufgas@ecf.courtdrive.com |
| Jennifer Laufgas | on behalf of Creditor Nationstar Mortgage LLC ecfflmb@aldridgepite.com  jlaufgas@ecf.courtdrive.com |
| Laurie K Weatherford | ecfdailysummary@c13orl.com |
| Samantha Werner | on behalf of Creditor U.S. Bank National Association  AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRIL ecfflmb@aldridgepite.com, swerner@ecf.courtdrive.com |

United States Trustee - ORL7/13, 7

District/off: 113A-6                    User: admin                        Page 2 of 2
Date Rcvd: Dec 17, 2025                 Form ID: pdfdoc                   Total Noticed: 1

USTP.Region21.OR.ECF@usdoj.gov

TOTAL: 5

**ORDERED.**

**Dated: December 16, 2025**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Roberto E. Hernandez, | ) | Case No. 6:25-bk-02758-GER |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

THIS CASE came before the Court upon the *Emergency Motion to Stay Pending Appeal* (the "Motion for Stay Pending Appeal") (Doc. No. 59) filed by Debtor Roberto E. Hernandez ("Mr. Hernandez"). On December 5, 2025, the Court entered the *Order (1) Denying Confirmation and Dismissing Case with Prejudice, (2) Overruling Objection to Claim as Moot, (3) Denying Motion for Sanctions, and (4) Denying Other Pending Requests as Moot* (the "Dismissal Order") (Doc. No. 53), and on December 12, 2025, the Court entered the *Order Denying Debtor's Motion for Reconsideration* (the "Reconsideration Order") (Doc. No. 56). On December 12, 2025, along with the Notice of Appeal[1] of the Dismissal Order, Mr. Hernandez filed the Motion for Stay Pending Appeal and the *Declaration of Roberto Hernandez* (the "Declaration") (Doc. No. 60). The Court, having considered the Motion for Stay Pending Appeal, the Declaration, and the record,

---

[1] *Notice of Appeal* (Doc. No. 58).

and for the reasons set forth below, finds it appropriate to deny the Motion for Stay Pending Appeal.

While the filing of a proper notice of appeal "confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal,"[2] Bankruptcy Rule[3] 8007(e) "permits a bankruptcy court, in its discretion, to suspend or order the continuation of other proceedings in the case or issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest."[4] "Ordinarily, a party must move first in the bankruptcy court for . . . a stay of the bankruptcy court's judgment, order, or decree pending appeal . . . ."[5] A stay pending appeal temporarily suspends proceedings or the effect of a judgment, but it is an "extraordinary remedy."[6] The party seeking a stay pending appeal must show: (1) a substantial likelihood that they will prevail on the merits of the appeal; (2) substantial risk of irreparable injury to the movant unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.[7]

"Whether the appellant is likely to prevail on the merits of the appeal is typically the most important factor in considering whether to grant a stay pending appeal."[8] However, "the movant may also be entitled to a stay pending appeal upon a lesser showing of a 'substantial case on the

---

[2] *Ga. United Credit Union v. Moore (In re Moore)*, No. 20-40309-EJC, 2020 WL 5633081, at *4 (Bankr. S.D. Ga. Aug. 27, 2020) (quoting *Walden v. Walker (In re Walker)*, 515 F.3d 1204, 1211 (11th Cir. 2008)).
[3] "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.
[4] *In re Moore*, 2020 WL 5633081, at *4 (quoting *In re Breland*, No. 16-2272-JCO, 2017 WL 47857420, at *1 (Bankr. S.D. Ala. Oct. 25, 2017)).
[5] Fed. R. Bankr. P. 8007(a)(1)(A).
[6] *In re Moore*, 2020 WL 5633081, at *4 (quoting *Woide v. Fannie Mae (In re Woide)*, 730 F. App'x 731, 737 (11th Cir. 2018)).
[7] *See, e.g., Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (first citing *In re Fed. Grand Jury Proc. (FGJ 91-9), Cohen*, 975 F.2d 1488, 1492 (11th Cir. 1992); and then citing *MacBride v. Askew*, 541 F.2d 465 (5th Cir. 1976)).
[8] *Hepburn v. 3151 Stillhouse Creek Drive (GA) LLC (In re Hepburn)*, No. 25-57411-PWB, 2025 WL 2808651, at *2 (Bankr. N.D. Ga. Sep. 30, 2025).

merits' when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'"[9]

**_Likelihood to Prevail on Merits._** While Mr. Hernandez argues U.S. Bank[10] does not have standing, as the Court previously stated in the Dismissal Order[11] and the Reconsideration Order, the State Court will determine whether U.S. Bank can enforce the note and mortgage at issue. Mr. Hernandez argues that the Court erred in deferring on the issue of standing to the State Court. However, "[t]he standing of the lender to foreclose a mortgage primarily is a state law matter, and justice is better served if the proceeding remained in the state court forum."[12] As courts have previously recognized, to allow "the parties to jump the state court tracks and remove their dispute to the federal bankruptcy forum would usurp the state court's authority over its own state law issues, and, equally as troubling, would turn the bankruptcy court into a 'last chance' forum to resolve state court mortgage disputes."[13] Because this Court did not adjudicate the substantive rights of U.S. Bank and Mr. Hernandez, Mr. Hernandez is unlikely to prevail on the merits of his appeal.

Mr. Hernandez also argues that his appeal "raises serious legal issues, including denial of due process and abuse of discretion."[14] A hearing was held on the underlying matters on October 22, 2025 and December 3, 2025; Mr. Hernandez was present at both hearings.[15] Furthermore, Mr.

---

[9] _Id._ (alteration in original) (quoting _Garcia-Mir v. Meese_, 781 F.2d 1450, 1453 (11th Cir. 1986)).

[10] "U.S. Bank" refers to U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1.

[11] For brevity's sake, the Court will not repeat all factual and legal findings from the Dismissal Order.

[12] _Brown v. JP Morgan Chase Bank, NA (In re Brown)_, Ch. 13 Case No. 6:12-bk-01140-KSJ, Adv. No. 6:12-ap-00174-KSJ, 2013 WL 85131, at *2 (Bankr. M.D. Fla. Jan. 8, 2013) (footnote omitted) (citing Catherine Peek McEwen, _Truths about Foreclosure and Bankruptcy Court_, Tampa Bay Times, Dec. 17, 2012), _aff'd_, 526 B.R. 882 (M.D. Fla. 2013), _aff'd_, 572 F. App'x 849 (11th Cir. 2014).

[13] _Id._

[14] Declaration ¶ 8.

[15] _See Pro Memo_ (Doc. No. 48); _Pro Memo_ (Doc. No. 52).

Case 6:25-bk-02758-GER    Doc 67    Filed 12/19/25    Page 6 of 8

Hernandez filed multiple pleadings, which the Court carefully considered as part of its ruling at the December 3, 2025 hearing and in the Dismissal Order. Mr. Hernandez argues that the Court denied due process because it overruled his claim objection as moot without a full evidentiary hearing. As the Court explained in the Dismissal Order, the Court dismissed the case in part because Mr. Hernandez could not confirm his Chapter 13 Plan based on his own sworn bankruptcy papers,[16] Mr. Hernandez failed to identify a proper servicer or holder of the claim other than U.S. Bank, and no bankruptcy purpose was being served in this case. Accordingly, no evidentiary hearing was required.

Mr. Hernandez also argues the Court abused its discretion by dismissing the case with prejudice absent explicit findings of bad faith. The Court did not dismiss with prejudice for bad faith but rather dismissed with prejudice so as to prevent Mr. Hernandez from filing again while the standing issue remains outstanding in the Foreclosure Action.[17]

Finally, Mr. Hernandez argues that the Court erred in denying sanctions for the alleged violation of the automatic stay. As the Court stated in the Dismissal Order,[18] a post-petition assignment of a mortgage is not a violation of the automatic stay;[19] accordingly, sanctions were not warranted.

*Risk of Irreparable Injury.* Under the second factor, the Court considers the risk of harm to the movant in the absence of a stay pending appeal. "The harm to the movant must be

---

[16] *See* Dismissal Order at 4.

[17] *US Bank Nat'l Ass'n v. Hernandez*, No. 2018-CA-011104-O (Fla. 9th Cir. Ct. filed Oct. 11, 2018) (the "Foreclosure Action"). A court may take judicial notice on its own or upon a party's request at any stage of a proceeding of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201. Accordingly, the Court takes judicial notice of the case record and docket of the Foreclosure Action. "State Court" refers to the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida.

[18] *See* Dismissal Order at 5.

[19] *See, e.g., Nelson v. Nationstar Mortg. LLC (In re Nelson)*, 607 B.R. 685, 710 (Bankr. N.D. Ala. 2019) ("A post-petition transfer of a recorded mortgage does not violate the stay or constitute an avoidable transfer because a mortgage assignment is not a transfer of property of the estate." (citing *In re Samuels*, 415 B.R. 8 (Bankr. D. Mass. 2009))).

irreparable, meaning that it 'must be neither remote nor speculative, but actual and imminent.'"[20] The Court dismissed this case, thus allowing U.S. Bank to proceed in State Court. However, Mr. Hernandez can raise any and all of his defenses in State Court. While the Court recognizes that a consequence of lifting the automatic stay is that a foreclosure judgment may be entered by the State Court and a sale of the Property[21] may occur, thereby mooting the appeal, this possibility stems from allowing the parties to proceed on claims and defenses and is not the type of irreparable harm contemplated when considering whether to grant a stay pending appeal. Therefore, the Court finds the second factor is not satisfied.

*Harm to Other Interested Persons.* As to the third factor, the Court considers any substantial harm to other interested persons. "In other words, the moving party must show that the balance of harms tips in favor of granting a stay."[22] The Foreclosure Action was filed in 2018, and Mr. Hernandez has failed to make mortgage payments since 2014. Granting a stay pending appeal would further delay U.S. Bank from exercising its rights under state law. U.S. Bank is not adequately protected by the Property's value and Mr. Hernandez's proposed plan payments. U.S. Bank asserted a secured claim in the amount of $582,965.90, with arrears totaling $349,082.33,[23] and Mr. Hernandez's schedules provide that the Property is currently valued at $404,000.[24] U.S. Bank also estimated that the *regular* monthly payment amount would be $2,999.40,[25] and Mr. Hernandez only proposed to pay $1,085 as adequate protection payments in his plan.[26] Mr.

---

[20] *In re Moore*, 2020 WL 5633081, at *7 (first quoting *Int'l Christian Broad., Inc. v. Koper (In re Koper)*, 560 B.R. 68, 74 (Bankr. E.D.N.Y. 2016); and then citing *In re Betteroads Asphalt, LLC*, 610 B.R. 28, 48 (Bankr. D.P.R. 2019)).
[21] The "Property" refers to real property located at 2102 Meadowmouse St., Orlando, FL 32837.
[22] *In re Moore*, 2020 WL 5633081, at *8 (quoting *In re Koper*, 560 B.R. at 75).
[23] *See* Proof of Claim No. 3.
[24] Doc. No. 24 at 3.
[25] *See U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1's Objection to Confirmation of Debtor's Chapter 13 Plan* (Doc. No. 29).
[26] *See* Doc. No. 15.

Hernandez's schedules demonstrate that paying $1,085 a month would result in a monthly net income of $62.[27] Accordingly, making the required monthly payment of $2,999.40 is not feasible. Given the lack of adequate protection[28] of U.S. Bank's interest in the Property, the parties should be permitted to proceed and not prolong the foreclosure proceeding. Therefore, the Court finds this factor weighs strongly against granting the request for stay pending appeal.

*Public Interest.* Finally, the Court considers the fourth factor, the public interest. "On one hand, the purpose of Chapter 13 'is to allow an honest but unfortunate debtor a chance to develop a repayment plan under court supervision and protection to alleviate a debt burden that exceeds the debtor's regular income.'"[29] "On the other hand, the Bankruptcy Code also reflects the public policy of 'the equality of distribution to creditor[s] within the priorities established by the Code within a reasonable time.'"[30] The Court, having considered this factor, finds it weighs neither for nor against Mr. Hernandez's request for a stay pending appeal.

For the foregoing reasons, the Court finds that Mr. Hernandez has failed to establish that he is likely to prevail on the merits, and the Court need not address whether Mr. Hernandez established a substantial case on the merits, as the balance of the equities identified in the second, third, and fourth factors do not weigh heavily in favor of granting the stay. As Mr. Hernandez has failed to establish an entitlement to a stay pending appeal by a preponderance of the evidence, it is

**ORDERED** that the Motion for Stay Pending Appeal (Doc. No. 59) is **DENIED**.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.

---

[27] *See* Doc. No. 24 at 34-36.
[28] *See* 11 U.S.C. § 361.
[29] *In re Moore*, 2020 WL 5633081, at *8 (quoting *In re Dekom*, No. 19-30082-KKS, 2020 WL 4001043, at *3 (Bankr. N.D. Fla. Feb. 11, 2020)).
[30] *Id.* (alteration in original) (quoting *In re Bullock*, 603 B.R. 411, 419 (Bankr. S.D. Ill. 2019)).